IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-81803-TLS |
| | ) | |
| TY J. BEHNKE and | ) | |
| JOY E. BEHNKE, | ) | CH. 7 |
| | ) | |
| Debtors. | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on November 17, 2008, on an Objection to Exemptions filed by the Chapter 7 Trustee (Fil. #20), and a Resistance by Debtors (Fil. #21). David G. Hicks appeared for Debtors, and Thomas D. Stalnaker appeared as the Chapter 7 Trustee.

This case involves the interpretation of two Nebraska statutes, Neb. Rev. Stat. § 44-371 and Neb. Rev. Stat. § 25-1556(4).

Debtors have claimed exemptions in two annuities under Neb. Rev. Stat. § 44-371, each having a value of $7,500.00. The annuities were purchased just prior to the July 18, 2008, bankruptcy filing date. Neb. Rev. Stat. § 44-371 provides in part as follows:

(1)(a)    Except as provided in subdivision (1)(b) of this section, all proceeds, cash values, and benefits accruing under any annuity contract, under any policy or certificate of life insurance payable upon the death of the insured to a beneficiary other than the estate of the insured, or under any accident or health insurance policy shall be exempt from attachment, garnishment, or other legal or equitable process and from all claims of creditors of the insured and of the beneficiary if related to the insured by blood or marriage, unless a written assignment to the contrary has been obtained by the claimant.

(b)    Subdivision (1)(a) of this section shall not apply to:

(i)    An individual's aggregate interests greater than one hundred thousand dollars in all loan values or cash values of all matured or unmatured life insurance contracts and in all proceeds, cash values, or benefits accruing under all annuity contracts owned by such individual; and

(ii)    An individual's interest in all loan values or cash values of all matured or unmatured life insurance contracts and in all proceeds, cash values, or benefits accruing under all annuity contracts owned by such individual, to the extent that the loan values or cash values of any matured or unmatured life insurance contract or the proceeds, cash values, or benefits accruing under any annuity contract

were established or increased through contributions, premiums, or any other payments made within three years prior to bankruptcy or within three years prior to entry against the individual of a money judgment which thereafter becomes final.

(c) An insurance company shall not be liable or responsible to any person to determine or ascertain the existence or identity of any such creditors prior to payment of any such loan values, cash values, proceeds, or benefits.

The Chapter 7 Trustee asserts that since the annuities were purchased within three years prior to bankruptcy filing, they are excluded from the exemption pursuant to Neb. Rev. Stat. § 44-371(b)(ii). Debtor argues that in order to be excluded, the annuity must meet the requirements of both (b)(i) and (b)(ii) since the two subsections are joined with the conjunction "and."

Based on a plain language reading of the statute, I agree with the Chapter 7 Trustee. Subsection (b) clearly states that the exemption under subsection (a) "shall not apply to" and then describes certain types of property interests under subparagraphs (i) and (ii). There is no indication that the statute was intended to require an interest to meet the elements of both (i) and (ii). Instead, the statute clearly states that it does not apply to an interest described in (i) <u>and</u> it does not apply to an interest described in (ii). In fact, if the statute were meant to have the $100,000.00 limitation in (i) apply to the property interests described in (ii), there would be no reason for two separate subparagraphs.

The next issue deals with the tool-of-trade exemption under Neb. Rev. Stat. § 25-1556(4). Debtors each claimed a tool-of-trade exemption in the amount of $2,400.00 in their 2001 Honda CRV vehicle. That statute allows Debtors an exemption in

> the debtor's interest, not to exceed an aggregate fair market value of two thousand four hundred dollars, in implements, tools, or professional books or supplies held for use in the principal trade or business of such debtor or his or her family, which may include one motor vehicle used by the debtor in connection with his or her principal trade or business or to commute to and from his or her principal place of trade or business . . . .

The Chapter 7 Trustee notes that Debtors' Schedule I indicates that on the date of bankruptcy filing, Debtors were unemployed and, therefore, Debtors cannot claim a tool-of-trade exemption. Debtors resist on the basis that on the date of filing they were still actively engaged in the winding up of corporate affairs for certain corporations Debtors operated prior to bankruptcy filing. However, Debtors presented no evidence to show that the vehicle was actually used on the date of bankruptcy filing "in connection with his or her principal trade or business or to commute to and from his or her principal place of trade or business." The only evidence is that Debtors were "unemployed" on the date of filing. Therefore, Debtors are not entitled to claim a tool-of-trade exemption under Neb. Rev. Stat. § 25-1556(4).

IT IS, THEREFORE, ORDERED, that the Chapter 7 Trustee's Objection to Exemptions (Fil. #20) is granted.

DATED: November 18, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
David G. Hicks
*Thomas D. Stalnaker
U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.